### TOWLE vs. MARRETT.

The Statute establishing the Maine Medical Society is a virtual repeal of the Statutes of 1817 *ch.* 131, and 1818 *ch.* 113, so far as they relate to this State.

Wherever the Legislature of this State appear to have revised the subject matter of any Statutes of *Massachusetts* and enacted such provisions as they deemed suitable to the wants of the people of this State, the former Statutes are to be considered as no longer in force here, though not expressly repealed.

IN a writ of Error *coram vobis* to reverse a judgment of the Court of Common Pleas, the question was, whether a licensed physician might now maintain *assumpsit* for his fees, without having deposited a copy of his license with the town clerk of the town in which he resided, agreeably to *Stat.* 1817 *ch.* 131 ?

The Statutes on this subject were as follows.

By *Stat.* 1817, *ch.* 131, it was required that persons commencing the practice of medicine after *July* 1, 1818, should first be licensed by some medical society, or college of physicians, or by three fellows of the Massachusetts Medical Society ; or have received a medical degree at some college ;—and by *Sec. 3.* it was enacted that *any person who might be thereafter licensed to practice physic should deposit a copy of his license with the clerk of the town where he might come to reside ;—on pain of being debarred the benefit of law to recover his fees.*

By *Stat.* 1818, *ch.* 113, persons commencing the practice after *July* 1, 1819, were first to be licensed by the Massachusetts Medical Society, or to receive the degree of doctor of medicine at Harvard University ;—the counsellors of the Massachusetts Medical Society were directed to appoint five examiners in each District ;—the State was divided into five districts, *Maine* being one ;—and all matters and clauses in the former act, " *which are contrary to the provisions of this act,*" were repealed.

By *Stat.* 1819, *ch.* 161, separating Maine from Massachusetts, all the laws which should be in force in Maine on the fifteenth of *March* 1820, were to remain in force,—" such parts only excepted " as may be *inconsistent with the situation and condition of said new* " *State,* or repugnant to the constitution thereof."

By the Statute of Maine, passed *March* 8, 1821, [Private Statutes *ch.* 56.] the Medical Society of Maine was established,

with power to examine students in medicine, and to license all who should be approved ; which examination should not be refused to any candidate under the penalty of a sum not exceeding one hundred dollars, to his use.

And by *Stat.* 1821, *ch.* 180, [passed *March* 21,] the laws of Massachusetts which had been revised, or re-enacted, were repealed so far as it respects this State ; but among the acts thus repealed, the titles of which are all recited in the repealing act, the above mentioned Statutes were not enumerated.

The plaintiff in error, who was also original plaintiff, was licensed by the *New-Hampshire* Medical Society in *September* 1819, soon after which he came to reside in this State, but did not deposit a copy of his license with any town clerk ; and was never licensed by any other society, nor received the degree of doctor of medicine. The services were performed in *April* 1822.

*Fessenden* and *Deblois*, for the plaintiff in error, contended that the *Stat.* 1817, *ch.* 131, was repealed. Its first sections, they said, were clearly embraced in the provisions of the law of 1818 ; —and the third was repealed by implication, in subsequent enactments. The *Massachusetts* Medical Society never appointed censors in *Maine*, under the latter statute, because the period of separation was at hand, and a just respect for the profession in this State prohibited this exercise of their authority. And *after* the separation, it was not consistent, nor to be tolerated, that a corporation of *another* State, over which our tribunals could have no control, should exert its influence over our own citizens and within our own territory. If no society *then* could grant licenses, no copies need or could be left ;—and if there was any one period in which the act could not operate here, it was wholly *functus officio* as to Maine, and could never be revived but by a new statute.

But if it was not repealed by the separation, yet it was in fact repealed by the statute incorporating the Maine Medical Society ; for by this statute the legislature have in general terms regulated the whole practice of physic and surgery within this State, and

provided all the sanctions which they have thought necessary, either for the purity of the profession, or for the safeguard of the people.

*Greenleaf, e contra,* argued that the *third* section of that statute was not repealed.—1. Because the subsequent statute of 1818, *ch.* 113, does not expressly repeal it ; but only repeals all matters and things which are contrary to its provisions ; and this language applies only to the first two sections.—2. Because the second statute contains nothing *repugnant* to the section referred to. 11 *Co.* 63. 64. 5 *Com. Dig. tit. Parliament R.* 9. *Capen v. Glover,* 4 *Mass.* 305. *Pease v. Whitney,* 5 *Mass.* 382.—3. Because the second act is not a revisal of the whole subject matter of the first. The subsequent statutes only regulate the *mode of obtaining* the license. What should *be done with it when obtained,* remains fixed by the first statute alone. *Bartlett v. King,* 12 *Mass.* 545. *Rex v. Cator,* 4 *Burr.* 2026. *Goodenow v. Buttrick,* 7 *Mass.* 143.—4. The separation act does not repeal it, because it was not " inconsistent with the situation " and condition of the new State." A candidate might be licensed in *any county* of Massachusetts, *after* as well as *before* the separation ; and it could never be derogatory to this State to avail itself of the aid of a respectable society in the parent State, till it could create one of its own.—5. Nor is this section abrogated by the act establishing the Maine Medical Society, which only regulates the mode of obtaining a license, and inflicts a large penalty on the refusal to examine a candidate ; thus shewing that the license was a document of essential importance to the practitioner.—6. The legislature, having omitted to enumerate these statutes in the *general repealing act,* have thus expressed their opinion that they were yet in force.—And with good reason ;— because the section in question is the only effectual barrier against quackery. It constitutes that essential difference, which the legislature have for years been laboring to establish, between the mere empiric and the regularly educated physician, and is all that gives vitality to the other provisions of the statutes.

Towle *v.* Marrett.

MELLEN C. J. delivered the judgment of the Court.

The statute of 1817, *ch.* 131, denies the right of action to *no* surgeon or physician if licensed by *any* medical society. The *Stat.* 1818, *ch.* 113, denies such right to *all* not licensed by the Massachusetts Medical Society, or honored with the degree of Doctor of Medicine from Harvard University ; and repeals the provisions on this subject in the former act ; but does not in terms repeal the *third* section of it, which requires a copy of the diploma to be recorded in the office of the clerk of the town in which such surgeon or physician shall reside. This latter act went into operation from and after *July* 1, 1819. The plaintiff's diploma bears date *September* 1819 ; and therefore it gave him no right to practice as a physician or surgeon in any part of Massachusetts, and enjoy the benefit of legal process to recover his fees or compensation for his services. Hence it follows that it is of no consequence whether the diploma or a copy of it was ever recorded in the office of the town clerk or not ; nor whether the *third* section of the former statute is repealed or not ; unless, if in force, it has relation to diplomas or letters testimonial granted by the Maine Medical Society, which will presently be considered. If the act of 1818 *ch.* 113, is now, or at the time the plaintiff's services were performed, was in force, then this action cannot be supported. It is not repealed by the general repealing act of 1821, *ch.* 180. If it remained in force after the 15th of *March* 1820, it was in consequence of the provisions in the *sixth* section of the act of separation. It is contended that it did not, and could not, after this State became independent, because one of the five medical districts, created by the third section of that act, was composed of those counties of Massachusetts which now form the State of Maine. This objection seems to admit of no satisfactory answer. But supposing it did so remain in force after the 15th of *March* 1820 ; was it in force when the plaintiff's services were performed in 1822, or at any time after *March* 8, 1821, when the Maine Medical Society was incorporated ? In deciding this question, it is necessary to consider the reasons which occasioned the introduction of the before mentioned provisions into the act of separation. It was evidently designed to prevent the confusion consequent upon a suspension of law, and

the injury which would thereby result to the community and individuals. It was for the purpose of giving time to the legislature of this State to re-enact, modify, or repeal those laws as, on consideration, they should determine most for the interest and best adapted to the situation of the State. Therefore any act of our own legislature, relating to the same subject with a statute of Massachusetts continued in force here by the act of separation, but expressive of sentiments different from those of the legislature of Massachusetts, establishing different principles, and containing provisions deemed better suited to our habits, views, and situation, ought to be considered as a *virtual* repeal of such act of Massachusetts ; and such an alteration or repeal as was intended in the saving clause in the act of separation alluded to. In this manner and on these principles we must construe the act establishing the Maine Medical Society. It was evidently intended to regulate and improve the practice of physic and surgery in this State ; and with this view to establish certain principles and rules to be observed in medical education, as preliminaries to the obtaining of the letters testimonial of the Society, or a degree of bachelor or doctor of medicine in Bowdoin College. In short, it was designed to supersede all legislative provisions which had been enacted in Massachusetts on the subject, and to place it on ground of our own. All its provisions lead to this conclusion. It contains no clause requiring a copy of the letters testimonial to be recorded in the town clerk's office ; nor does it attach any legal disabilities to a practitioner who has never obtained a license, or never recorded it, if obtained, in the manner required by the two acts of Massachusetts. This being a distinct and full expression of the public mind on this interesting subject, we are bound to consider all the pre-existing laws and regulations in relation to it as superseded and at an end. Hence the position of the defendant's counsel, that the third section of the *Stat.* 1817, *ch.* 131, is now in force in this State, and that the letters testimonial granted by our own Medical Society must be recorded in the town clerk's office, to entitle the licentiate to the benefit of legal process for the recovery of compensation for his professional services, cannot be admitted to have any foundation. The whole spirit of the act incorporating our own Medical Society forbids

us to admit the principle contended for.  Besides, the very terms of the *third section* relied on,  do not embrace  the present case.   It speaks only of those  licensed to  practice in the *Commonwealth of Massachusetts* ; and the meaning must have been,— licensed by some of  the  authorities described in  *that act*, or the subsequent statute of 1818, *ch*. 113.

For these reasons we are satisfied that the judgment is erroneous, and must be  reversed ; and a  new trial may be  had at the bar of this Court.